NOT FOR PUBLICATION (Doc. No. 9)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                          :
ROBERT MAUCERI and                        :
CONCETTA MAUCERI,                         :
                                          :
         Plaintiffs,                      :
                                          :   Civil No. 14-2477 (RBK/JS)
         v.                               :
                                          :   OPINION
HARRAH'S RESORT CASINO, et al.,           :
                                          :
         Defendants.                      :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Defendants City of Atlantic City ("Atlantic City"), Atlantic City Police Officer Franco Sydnor ("Sydnor"), and Atlantic City Police Officer Craig Argus ("Argus") (collectively "Defendants") to dismiss the Amended Complaint (Doc. No. 9). The subject of this motion is Plaintiffs' Amended Complaint, alleging federal civil rights and state tort claims against Defendants. For the reasons stated herein, Defendants' Motion to Dismiss will be granted.

I.   **FACTUAL BACKGROUND**[1]

Plaintiffs allege that on April 22, 2012, at approximately 12:30 a.m., Plaintiff Robert Mauceri ("Mauceri") was traversing the hallway adjacent to "The Pool After Dark Club," located on the premises of Harrah's Resort Casino ("Defendant Harrah"). (Amended Compl., Count I ¶¶ 1-2.) While in the hallway, Defendant Michael Beckwith ("Defendant Beckwith") "intentionally

---

[1] On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." Accordingly, the following facts are taken from Plaintiffs' Amended Complaint. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

and/or negligently came into contact" with Defendant Sean Callahan ("Defendant Callahan") and Mauceri.  (Id. Count I ¶ 3.)  Defendants Beckwith and Callahan "failed to make proper observations, acted without due care and were otherwise negligent or reckless in engaging in an altercation so as to endanger [Mauceri] and/or other members of the public."  (Id. Count I ¶ 5.)  As a result, Defendants Beckwith and Callahan allegedly "came into contact with [Mauceri]," causing him to fall to the ground and sustain "serious, permanent and life-altering injuries."  (Id. Count I ¶ 6.)

It is further alleged that, "despite being assigned and/or posted and/or positioned within feet of the site of the incident, officers of the Atlantic City Police Department and/or Harrah's security department failed to take any steps to prevent the altercation in question."  (Id. Count I ¶ 4.)  Following the incident, members of the Atlantic City Police Department, including Sydnor and Argus, were sent to the scene of the altercation to investigation the incident.  (Id. Count I ¶ 7.)  Additionally, members of Defendant Harrah's security staff were sent to the scene for the purpose of investigation.  (Id. Count I ¶ 8.)  At the scene, members of Defendant Atlantic City Police Department, including Sydnor and Argus, and/or Defendant Harrah's security staff allegedly temporarily detained Defendant Beckwith.  (Id. Count I ¶ 9.)  However, those responsible for detaining Defendant Beckwith allegedly failed to take or secure any of his identifying information.  (Id. Count I ¶ 10.)

Plaintiffs filed their original Complaint on April 17, 2014 (Doc. No. 1), and an Amended Complaint on May 19, 2014 (Doc. No. 3).  The Amended Complaint contains six counts: (1) Count I, a failure to investigate resulting in a deprivation of constitutional rights claim against all defendants; (2) Count II, an assault and battery claim against Defendant Beckwith; (3) Count III, a spoliation of evidence claim against multiple defendants, including Defendants Atlantic City,

2

Sydnor, and Argus; (4) Count IV, a negligence claim against multiple defendants, including Defendants Atlantic City, Sydnor, and Argus; (5) Count V, a failure to protect claim against multiple defendants, including Defendants Atlantic City, Sydnor, and Argus; and (6) Count VI, a loss of consortium claim by Plaintiff Conceta Mauceri against all defendants. (Amended Compl.)

Defendants Atlantic City, Sydnor, and Argus moved to dismiss all counts against them in the Amended Complaint on August 14, 2014 (Doc. No. 9). On November 17, 2014, however, Plaintiffs filed a stipulation of dismissal, signed by Defendants Atlantic City, Sydnor, Argus, and the Atlantic City Police Department, dismissing Counts I, III, IV, and VI against Defendants Atlantic City, Sydnor, Argus, and the Atlantic City Police Department. Accordingly, the Court need only address Defendants' Motion to Dismiss as it applies to Count V in the Amended Complaint.

## II.   LEGAL STANDARD

Rule 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips, 515 F.3d at 233). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their

claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002). Yet, while "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678-79.

To determine whether a complaint is plausible on its face, courts conduct a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

### III.  DISCUSSION

The Fifth Count of the Amended Complaint alleges that Defendants failed to protect or take reasonable precautions to prevent Mauceri from being criminally attacked. (Amended Compl., Count V.) Defendants Atlantic City, Sydnor, and Argus argue Plaintiffs' "failure to protect" claim is not legally cognizable as a state law or constitutional claim, absent pleading a "special relationship," and should be dismissed. (Defs.' Br. at 14-15.)

4

The Supreme Court has recognized that generally, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago Cnty. Dept. of Soc. Servs., 489 U.S. 189, 197 (1989).  Where a plaintiff has not pled the existence of a "special relationship," i.e., "the duty to provide medical services to involuntarily committed mental patients, the duty of the police to provide medical services to people who are injured in the process of being arrested, and the duty not to move a child from state custody into an abusive foster home," Estate of Strumph v. Ventura, 369 N.J. Super. 516, 525 (App. Div. 2004) (citing DeShaney, 489 U.S. at 199; Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983); Youngberg v. Romeo, 457 U.S. 307 (1982)), he cannot claim State actors are liable for breach of an affirmative duty to protect.  See DeShaney, 489 U.S. at 199-200.

New Jersey law is similarly clear on this issue.  "Neither a public entity nor a public employee is liable for failure to provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service."  N.J. Stat. § 59:5-4; see also Wuethrich v. Delia, 155 N.J. Super. 324, 326 (App. Div. 1978).  While § 59:5-4 does not provide limitless immunity for municipalities and their law enforcement officers, it does so when claims arise based on contentions that "damage occurred from the absence of a police force or from the presence of an inadequate one."  Lee v. Doe, 232 N.J. Super. 569, 576 (App. Div. 1989) (quoting Suarez v. Dosky, 171 N.J. Super. 1, 9 (App. Div. 1979)); but see Lee, 232 N.J. Super. at 576 ("Although a police officer may not be liable for failing to respond (if, for example, he was performing some other official duty), if he does respond he will be subject to liability for negligence in the performance of his ministerial duties.  N.J. Stat § 59:5-4 does not

insulate police officers from unfortunate results of their negligently executed ministerial duties.") (quoting Suarez, 171 N.J. Super. at 9).

Plaintiffs contend that it is "unclear at this point … whether or not defendant police officers were on the premises in their official capacity or hired as off-duty security. … Discovery in this matter may reveal that a 'special relationship' in fact existed between the plaintiff and law enforcement defendants at the time of this incident." (Pls.' Opp'n at 8.)  The Court notes that nowhere in Plaintiffs' Amended Complaint have they alleged that Defendants Sydnor or Argus were at the scene of the incident as "off-duty security" on behalf of Defendant Harrah's.  (But see Amended Compl., Parties ¶ 2 ("[Sydnor] is an officer with the Atlantic City Police Department who was called to investigate the subject incident involving [Mauceri] at or near Harrah's Casino on the date in question."); id. Parties ¶ 3 ("[Argus] is an officer with the Atlantic City Police Department who was called to investigate the subject incident involving [Mauceri] at or near Harrah's Casino on the date in question."); id. Parties ¶ 9 ("[Sydnor] and [Argus] are and/or were at all relevant times detectives and officers of the Atlantic City Police Department who were involved in the investigation of the subject incident involving plaintiff at the time of the incident and/or were acting under the color of state law.").)

Nor may Plaintiffs rely on promises of future proofs alone to survive a motion to dismiss.  Plaintiffs have pled no facts even intimating a special relationship existed between Defendants Sydnor and Argus, and the Court will disregard Plaintiffs' pure speculation in its Opposition papers.  Rather, they have alleged that Defendants Atlantic City, Sydnor, and Argus knew or should have reasonably known that the area surrounding the place of the incident was a high-crime area, that criminal attacks were reasonably likely to continue against members of the public, and Defendants Atlantic City, Sydnor, and Argus were negligent for failing to protect or

6

prevent persons from such criminal attacks. (Amended Compl., Count V.) Such allegations fall squarely within the prohibition against holding public entities or public employees liable for failure to protect found in both the Federal Constitution and New Jersey Tort Claims Act.

Because Plaintiffs' "failure to protect" claim in Count V is barred under both the Federal Constitution and State law, the Court will grant the Motion to Dismiss of Defendants Atlantic City, Sydnor, and Argus. Count V will be dismissed from the Amended Complaint as to these defendants.

## IV.   LEAVE TO AMEND

When a complaint is dismissed for failure to state a claim, leave to amend should normally be granted. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.")

Here, the Court is unable to conclude that Plaintiffs could not possibly amend their pleading to adequately state their federal or state "failure to protect" claim against Defendants. Therefore, within the period of time set forth in the Order accompanying this Opinion, Plaintiffs may file a motion seeking leave to file an amended complaint.[2]

---

[2] If Plaintiffs file a motion for leave to file an amended complaint, they shall attach to the motion a copy of the proposed amended complaint, as required by Loc. Civ. R. 7.1(f).

## V.  CONCLUSION

For the reasons expressed above, Defendants' Motion to Dismiss will be **GRANTED**. The Amended Complaint will be **DISMISSED WITHOUT PREJUDICE** as to Defendants Atlantic City, Sydnor, and Argus.  Plaintiffs may file a motion seeking leave to file an amended complaint within the period of time set forth in the Order accompanying this Opinion.  An appropriate Order shall enter.


Dated:     1/9/2015                                                        s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge